**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4787**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DONALD EDWARD BYRD,

Defendant – Appellant,

DONNA C. ADKINS; ALISIA H. AKBAR; CHERYL L. AMAKER; LACARIA
BROWN; LUTHER BRYAN; CHASE MANHATTAN MORTGAGE CORPORATION;
LAVACA COUNTY TEXAS; RANDY MARTIN; GEORGEAN MCCONNELL;
JOSEPH E. MCCONNELL; CHRISTOPHER M. MORRIS; FLORENCE
NOLLKAMPER; GUSSIE D. NOLLKAMPER; JOHN M. WARTHER; WELLS
FARGO HOME MORTGAGE, INCORPORATED,

Parties-in-Interest.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-19)

Submitted:  April 22, 2009              Decided:  May 8, 2009

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John
Preston BAILEY, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

Matthew A. Victor, VICTOR VICTOR & HELGOE LLP, Charleston, West
Virginia, for Appellant.   Beth Drake, Mark C. Moore, Jane
Barrett Taylor, Assistant United States Attorneys, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Edward Byrd was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to life in prison. Byrd appealed, challenging his convictions and sentence. We affirmed Byrd's convictions and rejected claims relating to his sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court imposed a 300-month variant sentence and Byrd timely appealed. Counsel for Byrd has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that he found no meritorious grounds for appeal but suggesting that Byrd's variant sentence is unreasonable. Counsel also moved for permission to withdraw from further representation of Byrd. Byrd has not filed a pro se supplemental brief but has moved for appointment of new counsel. The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment and deny the pending motions.

3

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. After Booker, a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Assuming the district court committed no significant procedural error, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62.

While the court may presume that a sentence within the Guidelines range is reasonable, it may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."), cert. denied, 129 S. Ct. 1312 (2009). Rather, in reviewing a sentence outside the Guidelines range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall,

4

128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

We find the district court's 300-month variant sentence to be reasonable. On remand, the district court entertained counsel's argument regarding the weight that should be afforded the § 3553(a) factors, allowed Byrd an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Byrd's sentence. We conclude that the district court adequately explained its rationale for imposing the variant sentence and that the reasons relied upon by the district court are valid considerations under § 3553(a) and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

Having reviewed the record in this case and finding no meritorious issues for review, we deny Byrd's motion for appointment of new counsel and affirm the district court's judgment. At this juncture, we also deny counsel's motion to withdraw from further representation of Byrd. Rather, this court requires that counsel inform Byrd in writing of his right to petition the Supreme Court of the United States for further review. If Byrd requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.

Counsel's motion must state that a copy thereof was served on Byrd. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED